UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE POGUE<br>(DOC# 199791) | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, ET AL | NO. 10-488-C-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE POGUE** <br> **(DOC# 199791)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, ET AL** | **NO. 10-488-C-M2** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Willie Pogue ("Pogue" or "petitioner"). The State of Louisiana ("the State") has filed an opposition (R. Doc. 13) to Pogue's habeas petition.

## PROCEDURAL BACKGROUND

On October 21, 1998, in the 18th Judicial District Court, Parish of West Baton Rouge, Pogue was tried and found guilty as charged of one (1) count of Distribution of Cocaine While Within One Thousand Feet of School Property in violation of La. R.S. 40:981.3. Pogue was subsequently sentenced to twenty-five (25) years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on December 7, 1998. He appealed to the Louisiana First Circuit Court of Appeals, which affirmed his conviction and sentence on December 28, 1999. He also applied for writs to the Louisiana Supreme Court, which application was denied on December 15, 2000. Although the state court record filed herein does not contain evidence of same, the State contends that Pogue then filed an application for post-conviction relief ("PCR"), which was denied by the state trial court, and that he also sought writs from the First Circuit and the Louisiana Supreme Court

concerning the denial of his PCR application, which writ applications were denied.[1]

On July 12, 1999, Pogue was convicted as a habitual offender, and the state trial court vacated the original twenty-five (25) year sentence and imposed a sixty (60) year sentence. It does not appear that Pogue appealed his habitual offender conviction and sentence. Instead, he filed several motions to amend, modify and/or correct illegal sentence, all of which were denied by the state trial court.[2] The motion to amend, modify and/or correct illegal sentence that is pertinent to the present case is Pogue's fourth such motion that was filed on February 2, 2009. That motion was entitled, "Motion to Amend and/or Modify [his sentence] According to Act No: 67 House Bill No: 47," and it was denied by the state trial court on February 20, 2009. The First Circuit and the Louisiana Supreme Court denied writs relative to that motion on July 9, 2009 and June 18, 2010.

Pogue then filed his present habeas petition on July 23, 2010, wherein he raises the same issue asserted in his fourth motion to amend and/or modify his sentence, *i.e.*, that his sentence is unconstitutional and excessive under *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), which he contends the state adopted as a new sentencing guideline in Act No. 67, House Bill No. 47 on December 10, 2007.

---

[1] Since the denial of Pogue's PCR application and the appellate courts' denial of his writ applications relating to his PCR application have no bearing upon the undersigned's ultimate conclusion in this report, it is not necessary to have the State supplement the state court record filed herein with documents reflecting those decisions.

[2] Those motions were filed with the state trial court on July 28, 2003, August 26, 2004, December 22, 2008, and February 2, 2009.

**LAW & ANALYSIS**

Pogue's habeas petition should be dismissed with prejudice as procedurally barred because the last state court to address the claim asserted in his habeas petition expressly concluded that such claim was procedurally defaulted under state law. A federal court that reviews a state prisoner's habeas claim must respect a state court's determination that a claim is procedurally barred under state law. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 2508-09, 53 L.Ed.2d 594 (1977). In order for federal habeas review to be barred, the last state court rendering a judgment regarding a claim must clearly and expressly state that its judgment rests on a state procedural bar.[3] However, a petitioner may overcome such a procedural bar (and the federal court may review his claim(s)) if he shows "cause" and "prejudice" for his procedural default or demonstrates that a failure to consider his claims will result in a "fundamental miscarriage of justice."[4]

In denying Pogue's writ application concerning his fourth motion to amend and/or modify his sentence on June 18, 2010, the Louisiana Supreme Court specifically dismissed that application pursuant to La. C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; La. C.Cr.P. art. 930.3; and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. *See*, R. Doc. 1, p. 46. La. C.Cr.P. art. 930.8 provides that no application for post-conviction relief shall be considered if it is filed more than two

---

[3] *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997)(A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief).

[4] *See, Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause and prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.")

years (formerly three years) after the judgment of conviction and sentence becomes final, and the *Glover* decision held that an appellate court is not precluded from denying relief on the basis of La. C.Cr.P. art. 930.8 even if the lower court did not consider timeliness. La.C.Cr.P. art. 930.3 limits the grounds upon which a prisoner may seek post-conviction relief, and *Melinie* held that Article 930.3 does not allow post-conviction challenges to sentencing errors. All of those procedural bases have been held to constitute independent and adequate state law grounds for dismissing claims for post-conviction relief on numerous occasions.[5]

Thus, since the Louisiana Supreme Court's ruling was clearly and expressly based upon those state procedural rules, Pogue is barred from receiving federal habeas review of his claim(s). Moreover, Pogue has failed to overcome that procedural bar because he has not offered any explanation or cause for his procedural default[6] and has not

---

[5] *See, Glover v. Cain,* 128 F.3d 900 (5th Cir. 1997)(clearly establishing that Article 930.8 provides an independent and adequate state ground for rejecting a petition for post-conviction relief); *Hull v. Stalder*, 234 F.3d 706 (5th Cir. 2000)(Louisiana Supreme Court denied writs relative to state habeas petition on the basis of La.C.Cr.P. art. 930.3 and *Melinie*. The Fifth Circuit held that the Louisiana Supreme Court rejected the state habeas petition on independent and adequate state law grounds. It also found that the federal habeas petition did not even attempt to overcome that procedural bar, and as a result, the Fifth Circuit affirmed the federal district court's decision to dismiss the federal habeas petition as procedurally barred); *LeBanks v. Cain*, 2010 WL 5055989, *4 (E.D.La. 2010)(holding habeas petitioner's claims were procedurally barred where Louisiana Supreme Court expressly relied upon La.C.Cr.P. art. 930.3, *Melinie*, La.C.Cr.P. art. 930.8, and *State ex rel. Glover* in denying writs during state post-conviction proceedings and citing numerous cases wherein federal courts have held that those procedural bases are independent and adequate state rules to support the application of a procedural bar).

[6] Even if Pogue was able to establish cause for the untimeliness of his post-conviction application alleging an excessive sentence (*i.e.*, his fourth motion to amend and/or modify sentence) based upon the fact that the U.S. Supreme Court's decision, in *Kimbrough*, was not rendered until December 2007, which was over two (2) years after his conviction and sentence became final, he cannot overcome the procedural bar set forth in La.C.Cr.P. art. 930.3 that precluded him from challenging the alleged excessiveness of his sentence on post-conviction review. Under La.C.Cr.P. art. 930.3, a petitioner may only challenge his sentence on post-conviction review if he/she is alleging that the sentence will subject him/her to double jeopardy or the sentence constitutes an ex post facto application of law in violation of the Louisiana or U.S. Constitutions, neither of which is alleged in this case. *See, Roberts v. LeBlanc*, 2008 WL 821575 (E.D.La. 2008)(The highest state court ruled that petitioner's excessive sentence claim would be barred for his failure to raise the claim on direct appeal, citing La.C.Cr.P. art. 930.3 and *Melinie*.

4

demonstrated that this Court's failure to consider his claim(s) will result in actual prejudice or a "fundamental miscarriage of justice."[7] Accordingly, his present habeas petition should be dismissed with prejudice as procedurally barred.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Willie Pogue be **DISMISSED WITH PREJUDICE** as procedurally barred.

Signed in chambers in Baton Rouge, Louisiana, June 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

The federal district court therefore found that, because of the petitioner's failure to comply with that state procedural rule, it would have been futile to send him back to the state courts in an attempt to exhaust the excessive sentence issue through the filing of a post-conviction application. The court further held that the petitioner did not show cause for his procedural default in state court nor did he establish that the federal court's failure to review the defaulted excessive sentence claim would result in a "fundamental miscarriage of justice"); *Parker v. 24th Judicial Dist. Court*, 2007 WL 2893852 (E.D.La. 2007)(same).

[7] The "fundamental miscarriage of justice" exception is limited to claims of "actual innocence," and the Fifth Circuit has held that, when procedurally barred claims deal with alleged sentencing errors in multiple offender, noncapital proceedings, the "actual innocence" requirement is only met "when the petitioner shows that 'he would have not been legally eligible for the sentence he received." *LeBanks*, at *6. Since Pogue has not made that showing herein, he has failed to demonstrate that a "miscarriage of justice" will result from the application of the procedural bar. *Id.*